Eric Emil RANDLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00396–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 27, 1988.

Michael S. McNeely, Richmond, for appellant.

Bryan K. Best, Asst. Dist. Atty., Fort Bend, Richard A. Dawson, Asst. Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

### ORDER

PER CURIAM.

A jury convicted appellant of aggravated robbery and, after finding the allegations contained in one enhancement paragraph to be true, assessed punishment at life imprisonment. Appellant's court appointed counsel, Michael McNeely, has filed a brief purportedly meeting the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978), and contending that this appeal is without merit. We find that appellant is receiving ineffective assistance of counsel on appeal, strike appellant's brief, order rebriefing, and abate the case for further action by the trial court.

The history of this appeal is instructive. On April 9, 1986, appellant gave notice of appeal. On June 19, 1986, this Court granted appellant's motion to extend the time in which to file the statement of facts and ordered that the statement of facts be filed on or before August 11, 1986. On October 10, 1986, the statement of facts was filed.

On October 23, 1986, this Court granted appellant's first motion to extend the time in which to file a brief and ordered that the brief be filed on or before December 1, 1986. On December 30, 1986, this Court granted appellant's second motion to extend the time in which to file a brief and ordered that the brief be filed on or before January 2, 1987. On February 5, 1987, this Court denied appellant's third motion to extend the time in which to file a brief and ordered that the brief be filed on or before February 12, 1987. McNeely did not file a brief.

On March 19, 1987, pursuant to Tex.R. App.P. 74(*l*)(2), this Court ordered the trial court to conduct a hearing to determine whether appellant desired to prosecute his appeal and whether he was receiving effective assistance of counsel on appeal. In response, the trial court filed a supplemental transcript on September 22, 1987, containing the affidavits of appellant and McNeely. Appellant stated that he desired to prosecute his appeal and McNeely cited as excuses for not filing a brief his case load and a "severe crisis with my law office staff," the same excuses he asserts in several other cases in which he has failed to timely file a brief. The trial court included no findings in the supplemental transcript. Again, McNeely failed to file a brief.

On November 5, 1987, this Court ordered McNeely to file a brief on or before December 1, 1987, or show cause why he should not be held in contempt for failure to comply with the order. McNeely finally filed a brief on December 1, 1987, and the case was set for submission on June 1, 1988.

This Court then determined that McNeely's brief failed to meet the minimum requirements of state and federal law, struck it, and ordered him to rebrief the case. On July 5, 1988, McNeely filed the six page *Anders* brief that is now before us.

■ *Anders* and *High* require a "brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S.Ct. at 1400; 573 S.W.2d at 811. This Court and the trial court are charged with the duty of protecting the appellant's rights, including his right to effective representation of counsel. Tex.R. App.P. 74(*l*)(2). This duty does not require this Court to act as an advocate on behalf of the appellant, but it does require us to thoroughly review the record, including matters not discussed in the brief, to determine whether the appeal is "wholly frivolous." *High*, 573 S.W.2d at 811. The brief before us analyzes only the sufficiency of the evidence to support the conviction.

■ A cursory review of the record reveals the inclusion in the punishment phase jury instructions of the parole charge mandated by Tex.Code Crim.P.Ann. art. 37.07, sec. 4 (Vernon Supp.1988). Our research reveals that the courts of this State had discussed the constitutionality of this statute in approximately 248 opinions issued prior to the filing of appellant's brief. More importantly, the statute was declared unconstitutional by the Court of Criminal Appeals on November 12, 1987, more than seven months prior to the filing of the brief, *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1987), and, in its opinion on rehearing issued 20 days before the filing of the brief, the court stated that a defendant was not required to object at trial to the giving of the parole charge to preserve error. *Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App.1988) (op. on reh'g).

Thus, appellant's brief omits a discussion not of a mere arguable ground of appeal, but of actual error. A harm analysis under Tex.R.App.P. 81(b)(2), complicated by appellant's life sentence, remains. *Rose*, 752 S.W.2d at 553–54. Nowhere in the brief is it demonstrated why this is not an arguable

ground of appeal; therefore, the brief is defective. *High*, 573 S.W.2d at 812. Accordingly, we strike appellant's brief because it fails to meet the minimum requirements of state and federal law, and order rebriefing of the case. Tex.R.App.P. 74(*l*)(2), (*o*), (p).

We note that this was a vigorously contested case where appellant did not plead guilty. Prior to trial, McNeely filed numerous motions, including one attempting to quash the indictment, one putting appellant's competency to stand trial in issue, one seeking appointment of an investigator, and one attempting to suppress the identification of the appellant. McNeely further filed a notice of his intention to raise appellant's insanity as a defense. Additionally, counsel unsuccessfully sought a continuance because he had not obtained a statement of facts from a probation revocation proceeding that he considered necessary to the defense. Appellant contested his guilt in a three-day trial that culminated in a conviction, the finding of the allegations in one enhancement paragraph to be true, and the assessment of a life sentence. The record consists of an 87–page transcript and a 495–page statement of facts.

■ In light of: 1) counsel's numerous delays in initially filing a brief; 2) his inability on two occasions to file a brief that meets the minimum requirements of state and federal law; 3) his failure to present the article 37.07, section 4 parole charge error when the punishment assessed was life; 4) the complex nature of the case; and 5) the likelihood that counsel has overlooked more subtle grounds for appeal, we hold that appellant is receiving ineffective assistance of counsel on appeal.

Accordingly, we abate the appeal and ORDER the trial court to assure the protection of appellant's right to the effective assistance of counsel on appeal. *Duncan v. Evans*, 653 S.W.2d 38, 40 (Tex.Crim.App. 1983). Although we have no authority to order the appointment of new appellate counsel, we strongly urge the trial court to do so. *Id.*

Should the trial court choose not to appoint new counsel, it shall conduct a hearing to determine whether appellant's counsel is capable of rendering effective assistance of counsel in this case and whether his further representation will protect appellant's rights. The trial court shall, within 30 days of the date of this order, file with this Court a statement of facts from the hearing and a supplemental transcript containing its findings. Tex.R.App.P. 74(*l*)(2).

It is so ORDERED.