ACCEPTED
06-14-00194-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/16/2015 8:54:14 PM
DEBBIE AUTREY
CLERK

**No.06-14-00194-CR**

IN THE SIXTH COURT OF APPEALS

at TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/17/2015 8:46:00 AM
DEBBIE AUTREY
Clerk

**BENNIE JOHNSON, JR.**

Appellant

vs.

**THE STATE OF TEXAS**

Appellee

Appeal from the District Court of Bowie County, Texas
102nd Judicial District

**BRIEF IN SUPPORT OF APPELLANT'S COUNSEL'S
MOTION TO WITHDRAW (ANDERS BRIEF)**

Derric S. McFarland
816 Pine Street
Post Office Box 1048
Texarkana, Texas 75504-1048
Telephone: (903) 798-3547
Telecopier: (888) 840-0138

Attorney for Appellant
Bennie Johnson, Jr.

## INDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following list is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

(1) Plaintiff, Appellee

    State of Texas

(2)Defendant, Appellant

    Bennie Johnson, Jr.

(3) Defendant's trial counsel

    Mr. John Stroud
    515 Main Street
    Texarkana, Texas 75501

( 4) Appellant's appellate counsel

    Mr. Derric S. McFarland
    816 Pine Street
    P.O. Box 1048
    Texarkana, Texas 75501

(5) State's trial and appellate counsel

    Mr. Jerry Rochelle
    Bowie County District Attorney's Office
    601 Main Street
    Texarkana, Texas 75501

# TABLE OF CONTENTS

Identity of Parties and Counsel. ...............................................................................ii

Table of Contents ...................................................................................................iii

Index of Authorities ...............................................................................................iv

Statement of the Case .............................................................................................. 1

Issues Presented ..................................................................................................... 2

Statement of Facts .................................................................................................2

Summary of the Argument .....................................................................................2

Argument ...............................................................................................................2

**ISSUE ONE:** A defendant is entitled to effective assistance of counsel at trial. Was Bennie Johnson, Jr. provided effective assistance of counsel? ...................................................................................................3

**ISSUE TWO:** An extraneous offense may be excluded if its relevance is substantially outweighed by the danger of unfair prejudice. Were extraneous offenses properly admitted by the trial court? ...................................................................................................5

Prayer ................................................................................................................... 7

Certificate of Service ............................................................................................8

Appendix
    A. Notice informing Bennie Johnson, Jr. of his right to respond to Motion to Withdraw as Counsel within thirty days ...................................................9

# INDEX OF AUTHORITIES

**CASES:**                                               **PAGE**

*Corley* v. *State,*
987 S.W.2d 615 (Tex.App.-Austin 1999, no pet.) .................. 6

*Currie* v. *State,*
516 S.W.2d 684 (Tex. Crim. App. 1974) ................. 3

*Hernandez* v. *State,*
726 S.W.2d 53 (Tex. Crim. App. 1986) ................... 4

*High* v. *State,*
573 S.W.2d 807 (Tex. Crim. App. 1978) ................. 3

*Jackson* v. *State,*
877 S.W.2d 768 (Tex. Crim. App. 1994) ................. 4

*Johnson* v. *State,*
691 S.W.2d 619 (Tex. Crim. App. 1984) *cert. denied,* 474 U.S. 865, 88
L.Ed. 2d 152, 106 S.Ct 184 (1985) ....................................................... .4

*Johnson* v. *State,*
932 S.W.2d 296 (Tex.App-Austin 1996, pet. ref'd) ................... 6

*Montgomery* v. *State,*
810 S.W.2d 372 (Tex. Crim. App. 1991) .................. 5

*Moreno* v. *State,*
858 S.W.2d 453 (Tex.Crim.App. 1993) .................. 6

*Moore* v. *State,*
694 S.W.2d 528 (Tex. Crim. App. 1985) ................. 4

*Randle* v. *State,*
760 S.W.2d 30 (Tex. App.-Houston [1 st. Dist.] 1988, no pet.) ............................ 3

*Strickland* v. *Washington,*
466 U.S. 668, 80 L. Ed. 2d 674, 104 S.Ct. 2052 (1984) ............................... .4

*Wilson* v. *State,*
955 S.W.2d 693 (Tex. App.-Waco 1997, order), *disp. on merits,*
3 S.W.3d 223 (Tex. App.-Waco 1999, pet. ref'd) ........................................... 2

**RULES**

Texas Rules of Evidence 404(b) ................... 5

Texas Rules of Evidence 403 ................... 6

**STATUTES**

Texas Penal Code section 22.021 ................... 1

## STATEMENT OF THE CASE

This is an appeal from a conviction for Aggravated Sexual Assault in violation of Texas Penal Code section 22.021, a first degree felony, in trial court number 12F0821-102 and appeal number 06-14-00194-CR. (C.R. 06-14-00194-CR pg. 78). A jury found Johnson guilty and assessed a punishment of life. (C.R. 06-14-00 194-CR pg. 78).

### ISSUES PRESENTED

**ISSUE ONE:**
A defendant is entitled to effective assistance of counsel at trial.

Was Johnson provided effective assistance of counsel?

**ISSUE TWO:**
An extraneous offense may be excluded if its relevance is substantially outweighed by the danger of unfair prejudice.

Were extraneous offenses properly admitted by the trial court?

### STATEMENT OF FACTS

Bennie Johnson, Jr. was arrested for Aggravated Sexual Assault. (C.R. 06-14-00194-CR pgs. 18 and 19; and R.R. Vol. II pg. 4 et seq.). Johnson entered a plea of not guilty to the charge and submitted his case to the court. (R.R. Vol. II pg. 4 and R.R. Vol. VIII pg. 10). After a jury trial, Johnson was convicted on the charge. (C.R. 06-14-00194-CR pg. 78). Upon the conclusion of the punishment trial, Johnson was then sentenced to life in the Texas Department of Criminal

Justice-Institutional Division. (C.R. 06-14-00194-CR pg. 78).

## SUMMARY OF THE ARGUMENT

Appellate counsel can locate no arguable grounds for appeal. Therefore, pursuant to *Anders* v. *California,* counsel reviews two possible points of error. However, each appears groundless.

Bennie Johnson, Jr. was represented by counsel at the trial. Counsel took an active part and appears to have provided effective assistance of counsel.

Extraneous offenses were allowed to be introduced to the jury during the guilt/innocence phase of the trial. It appears that the extraneous offenses were properly admitted as rebuttal upon Johnson proffering a defensive theory that the complainant had engaged in consensual sex and subsequently fabricated the charge of aggravated sexual assault.

## ARGUMENT

Appellate counsel can locate no arguable grounds for appeal and, therefore, files this Anders briefwith a corresponding Motion To Withdraw with this Court.

A copy of this brief in support of Appellant's Counsel's Motion to Withdraw and the corresponding motion has been forwarded to Bennie Johnson, Jr. Johnson has also been advised that he has thirty days to file a *pro se* response or a motion

requesting an extension of time in which to file the response pursuant to *Wilson* v.

*State,* 955 S.W.2d 693 (Tex. App.-Waco 1997, order), *disp. on merits,* 3 S.W.3d

223 (Tex. App.-Waco 1999, pet. ref'd). *See* Appendix "A" to Appellant's

Counsel's Motion to Withdraw.

Counsel on appeal has thoroughly read and reviewed the entire appellate

record in search of any arguable grounds of error to raise which would support

either a reversal of Johnson's conviction or some other relief for Johnson which are

within the trial court's limited grant of appellate right. After due diligence

reviewing the appellate record and researching the potential grounds for appeal,

appellate counsel is unable to fmd any error which he, in good faith, can urge

warranting a reversal of this conviction or in support of any other form of relief for

Johnson. Appellate counsel is aware that he has a duty to advance all arguable

ground of error that would afford Johnson a reversal of his conviction or any other

relief which are within the trial court's limited grant of appellate right. Regardless,

pursuant to *High* v. *State,* counsel must demonstrate why there are no arguable

grounds to be advanced. 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *Currie* v.

*State,* 516 S.W.2d 684 (Tex. Crim. App. 1974); *Randle* v. *State,* 760 S.W.2d 30,32

(Tex. App.-Houston **[1st.** Dist.] 1988, no pet.). Therefore, Appellant's Counsel

presents the following issues reviewed:

**ISSUE ONE:** A defendant is entitled to effective assistance of counsel at trial. Was Bennie Johnson, Jr. provided effective assistance of counsel?

A claim of ineffective assistance of counsel is examined by the standard enunciated in *Strickland* v. *Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez* v. *State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). That standard requires the appellant to show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's unprofessional errors, a different outcome would have resulted. *Jackson* v. *State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

The burden is on the appellant to prove his ineffectiveness claim by a preponderance of the evidence. *Moore* v. *State,* 694 S.W.2d 528,531 (Tex. Crim. App. 1985). The court looks to the totality of the representation to determine whether counsel provided effective assistance. *Moore* v. *State,* 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). However, a court strongly presumes counsel's competence, but appellant can rebut this presumption by showing his attorney's representation was unreasonable under prevailing professional norms. *See Jackson* v. *State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Finally, the appellate record must support a claim of ineffective assistance. *See Johnson* v. *State, 691*

4

S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied,* 474 U.S. 865, 88 L. Ed. 2d 152, 106 S.Ct. 184 (1985).

In the case at bar, appointed trial counsel appeared at the trial. (R.R. vol. VII, pg. 4). Counsel cross examined the state's witnesses (R.R. vol. VIII pgs. 31, 50, 66, 84, 99, 119, 133, 136, 159 and R.R. vol IX, pgs. 18, 37) and presented defendant to testify and elicited testimony. (R.R. vol. VIII, pg. 171). Additionally the trial counsel presented an alternative theory as a defense to the case. (R.R. vol. VIII, pgs. 15, 171). Bennie Johnson, Jr.'s trial counsel made opening (R.R. vol. VIII, pgs. 15) and closing statements. (R.R. vol. IX, pgs. 61).

**ISSUE TWO:** Was it proper for the trial court to admit the extraneous offenses?

Texas Rules of Evidence 404(b) states that evidence of other crimes or wrongs by the defendant is not admissible if it is relevant only to prove the character of the defendant in order to show that he acted in conformity therewith. The issue of whether extraneous offense evidence is admissible was considered by the Texas Court of Criminal Appeals in *Montgomery* v. *State of Texas.* The court held that to be admissible, extraneous offense evidence must be relevant apart from indicating mere character conformity, that is, it must tend to establish some elemental or evidentiary fact or rebut some defensive theory. *Montgomery* v. *State,*

5

810 S.W.2d 372,386-87 (Tex. Crim. App. 1991); Tex R. Evid. 404(b). Even ifan extraneous offense is relevant apart from character conformity, it may still be excluded if its relevance is substantially outweighed by the danger of prejudice. *Montgomery,* 810 S.W.2d at 387; *Johnson* v. *State,* 932 S.W.2d 296, 303 (Tex.App-Austin 1996, pet. ref d); Tex. R. Evid. 403. "Questions of relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion." *Moreno* v. *State,* 858 S.W.2d 453, 463 (Tex.Crim.App. 1993); *Corley* v. *State,* 987 S.W.2d 615,618 (Tex.App.-Austin 1999, no pet.).

In the case at bar, the State called two witnesses who testified to similar fact situations with appellant (R.R. vol. IX, pgs. 8, 30). Both occurrences detailed how the appellant offered to give the witnesses a ride but then made up an excuse to deviate from the route (R.R. vol. IX, pgs. 8, 25, 30, 39). They each went on to state that the appellant sexually assaulted them in a dark, remote location before driving off without them (R.R. vol. IX, pgs. 8,25, 30, 39). The witnesses' personal lives were also of a similar nature. Each described having a drug addiction and experiencing the same socioeconomic troubles which led the State to theorize that appellant targeted certain females that might be less likely to report their victimization (R.R. vol. VIII, pgs. 182, 184).

**PRAYER**

WHEREFORE, premises considered, appellate counsel respectfully requests that *Appellant's Counsel's Motion to Withdraw as Counsel* be granted.

Respectfully submitted,

/s/ Derric S. McFarland

By:  _____ _

Derric S. McFarland
Texas Bar No. 24048646
816 Pine Street
P.O. Box 1048
Texarkana, Texas 75504-1048
Telephone: 903-798-3547
Facsimile: 888-840-0138

ATTORNEYS FOR APPELLANT
BENNIE JOHNSON, JR.

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Tex. R. App. P. 9.4, I hereby certify that this brief contains 1,336 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14 point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Derric S. McFarland

By:

Derric S. McFarland

Texas Bar No. 24048646
816 Pine Street
P.O. Box 1048
Texarkana, Texas 75504-1048
Telephone: 903-798-3547
Facsimile: 888-840-0138

ATTORNEYS FOR APPELLANT
BENNIE JOHNSON, JR.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Brief in Support of Appellant's Counsel's Motion to Withdraw (Anders Brief)* has this 14 day of April, 2015, been forwarded by the United States Postal Service to the following:

**Appellant**
Mr. Bennie Johnson, Jr.
SID # 08641019
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

**Trial Court Judge**
Hon. Bobby Lockhart
710 James Bowie Drive
New Boston, Texas 75570

**State's Attorney**
Ms. Kelley Crisp
Bowie County District Attorney
601 Main Street
Texarkana, Texas 75501

/s/ Derric S. McFarland

Derric S. McFarland

8

APPENDIX

A.

Notice Informing Bennie Johnson, Jr. of his right to respond to "Motion to Withdraw as counsel" within thirty days.

# McFARLAND LAW OFFICE
DERRIC S. MCFARLAND
ATTORNEY AND COUNSELOR AT LAw

8 1 6 PINE STREET
P.O. Box 1048
TEXARKANA, TEXAS 75504

TELEPHONE: 903-798-3547
FACSIMILE: 1 -888-840-0 1 38
McF ARLAND.ATTY@GMAIL.COM

April 14,2015

Mr. Bennie Johnson, Jr.
TDCJ-ID# 01970053
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

Re:     *State of Texas vs. Bennie Johnson, Jr.;* Trial Court Cause No.
        12F0821-102 - 102nd District Court of Bowie County, Texas;
        Appellate Cause No. 06-14-00194-CR

Dear Mr. Johnson:

As you are aware, I was appointed by Judge Bobby Lockhart on or about October 17,2015, to represent you in the above referenced appeal.

I have thoroughly read and reviewed the Clerk's Record and Reporter's Record in Appeal One in search of any arguable grounds of error to raise which would support either a reversal of your conviction or some other relief for you. After due diligence of the appellate record and researching the potential grounds for your appeal, I am unable to find any error which I, in good faith, can urge warranting a reversal of this conviction or in support of any other form of relief for you. Therefore, pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), I filed *Appellant's Counsel's Motion to Withdraw* and a *Brief in Support of Appellant's Counsel's Motion to Withdraw (Anders Brief)* asking the Sixth District Court of Appeals to permit me to withdraw from my representation of you. Please find a copy of this motion and brief enclosed.

Pursuant to *Wilson* v. *State,* I must advise you that **you have thirty days from the date the enclosed motion and brief are filed with the Sixth District Court of Appeals to file a *pro se* response or a motion requesting an extension of time in which to file a response with the Court of Appeals.** *Wilson* v. *State,* 955 S.W.2d 693 (Tex. App.-Waco 1997, order), *disp. On merits,* 3 S.W.3d 223 (Tex. App.-Waco 1999, pet. ref d). Please also find enclosed the entire reporter's and clerk's records in order that you may prepare your own brief.

I am sorry that I was unable to locate any arguable points of error to present to the Sixth District Court of Appeals on your behalf with regard to this appeal. If I can answer any questions, please contact me.

Sincerely,


/s/ Derric S. McFarland




DSM
Enclosures