

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00417-CR

FERNANDO HERNANDEZ, JR. A.K.A.
FERNANDO JUNIOR HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 5056, Honorable Ron Enns, Presiding

July 30, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In an open plea to the court, appellant Fernando Hernandez, Jr., a.k.a. Fernando Junior Hernandez, plead guilty to intoxication manslaughter[1] and failing to render aid after an accident involving personal injury or death.[2] After reviewing a presentencing report and receiving evidence at a sentencing hearing, the court assessed concurrent

---

[1] TEX. PENAL CODE ANN. § 49.08 (West 2013). Appellant's punishment was enhanced to that of a first degree felony for each offense because of his prior felony conviction.

[2] TEX. TRANSP. CODE ANN. § 550.021 (West 2013).

sentences of forty-five years of imprisonment. Appellant gave notice of appeal, and is represented on appeal by the court-appointed attorney who also represented him at trial.

Appellant's attorney has filed a motion to withdraw, along with brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).[3] The brief certifies counsel's diligent search of the record, research of the law and professional evaluation that the record reflects no reversible error. It concludes by stating counsel's professional opinion the appeal is without merit and frivolous.

For the reasons we will discuss, after review of the *Anders* brief and the record in the case, we find the brief does not satisfy the requirements of *Anders* and the Texas cases applying it. We will grant counsel's motion to withdraw, abate the appeal and remand the case to the trial court for appointment of new appellate counsel.

As the United States Supreme Court has stated, "The so-called '*Anders* brief' serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." *Penson v. Ohio*, 488 U.S. 75, 81-82, 109 S. Ct. 346, 102 L. Ed. 2d 300, 309-310 (U.S. 1988). Our Texas courts also have recognized that an *Anders* brief is filed in support of counsel's motion

---

[3] Counsel has provided us a copy of her letter to appellant, indicating she provided appellant with a copy of her motion to withdraw and the *Anders* brief as well as a copy of the record, and notified him of his right to file a *pro se* response. *See Kelly v. State*, 436 S.W.3d 313, 320 n.22 (Tex. Crim. App. 2014); *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd). We also advised appellant, by letter, of his right to file a response to the *Anders* brief. Appellant has not submitted a response.

to withdraw. *See, e.g., In re Schulman*, 252 S.W.3d at 406 (the brief "accompanies the motion to withdraw as an assurance to the appellate court that the attorney has indeed made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error").

Under *Anders*, we do not rule on counsel's motion to withdraw until we have independently examined the record. *In re Schulman,* 252 S.W.3d at 408-09; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). When we determine the record reflects arguable grounds supporting an appeal, we must remand the case to the trial court for appointment of new counsel. *Stafford,* 813 S.W.2d at 511.

The brief in this case contains a thorough discussion of the procedural history of the case and thoroughly recites the evidence presented at the sentencing hearing. In its analysis of the law and its application to the record, however, the brief alludes to a potentially arguable appellate issue but does not satisfactorily explain why the issue would be frivolous.

The brief quotes language from Code of Criminal Procedure article 37.07, section 3(a)(1), which permits introduction at sentencing of evidence of extraneous crimes or bad acts, notwithstanding rules of evidence 404 and 405. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2013); TEX. R. EVID. 404, 405. In its "summary of arguments" section, the brief tells us that "[t]here were no significant objections that would cause reversible error made at the sentencing hearing. Therefore, counsel

believes there to be no arguable point of error in this cause and finds the case to be wholly frivolous." But evidence of the type the brief refers to is not always admissible. It is subject to restrictions such as that provided by rule of evidence 403. TEX. R. EVID. 403; *see, e.g., Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012) (habeas corpus). As the brief implicitly recognizes, the absence of objections does not equate to an absence of arguable points of error.

The record contains evidence of extraneous offenses produced by the State during the sentencing hearing, without objection. Among that evidence is the testimony of a witness who said that appellant, then about 24 years old, engaged in a sexual relationship with her when she was sixteen, and is the father of her now-six-year-old child. The witness went on to testify, again without objection, that appellant had never paid any child support for her child, although apparently ordered to do so.

There also was testimony regarding an un-prosecuted incident with appellant's wife wherein appellant was accused of running over her foot with a car. And the State presented photographic evidence of an injury to appellant's wife's ear apparently caused by appellant.

Appellant's forty-five-year sentences were five years above the State's requested sentence of forty years.

After review of the record, we see the *Anders* brief's discussion of evidence admissible under article 37.07 as a reference to a potentially arguable issue on appeal regarding the admission of the extraneous offense evidence.

4

Our concern regarding the filing of an *Anders* brief in this case is exacerbated by the fact counsel served as trial counsel.[4] The *Anders* brief also contains an unusual recitation of facts outside the appellate record, regarding plea negotiations and communications between appellant and counsel. The purpose of the recitation of such facts is unclear to us.

We do not say that counsel in this case was ineffective at trial. Nor do we say that she has been ineffective on appeal. It may be that new counsel will reach the same conclusion present counsel reached regarding the merits of direct appeal of this judgment. We do say that the *Anders* brief does not give us the assurance we require that the record has received the "required detailed review" or that the case on appeal "is indeed so frivolous that it may be decided without an adversary presentation." *Penson*, 488 U.S. at 82. We require representation of appellant on appeal by fresh eyes.

Accordingly, we grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. On remand, the trial court is directed to appoint new counsel to represent appellant in this appeal and to direct the trial court clerk to file with the appellate clerk a supplemental clerk's record containing the order appointing new

---

[4] Our court has not adopted a blanket rule that it is inappropriate for appointed counsel who also served as trial counsel to file an *Anders* brief on appeal. Two courts of appeals have adopted such a blanket rule. *See Sam v. State*, ___ S.W.3d ___, No. 14-13-0840-CR, 2015 Tex. App. LEXIS 5167 at *3 (Tex. App.—Houston [14th Dist.] May 21, 2015, no pet.) (not yet released for publication); *Chandler v. State*, 988 S.W.2d 827 (Tex. App.—Dallas 1999, no pet.). One has declined to do so. *See Velasquez v. State*, 12 S.W.3d 584 (Tex. App.—San Antonio 2000, pet. ref'd). The *Sam* and *Chandler* opinions base their holdings in part on the unreasonableness of expecting appellate counsel to conduct a dispassionate evaluation of her own performance at trial. *Sam*, 2015 Tex. App. LEXIS 5167 at *3; *Chandler*, 988 S.W.2d at 828.

appellate counsel and the name, address, email address and state bar number of newly appointed counsel. The trial court is further directed to order the newly appointed counsel to: (1) file with the appellate clerk, within five days after new counsel's appointment, a letter certifying that new counsel has complied with the requirements of article 26.04(j)(1) of the Code of Criminal Procedure with regard to the representation of appellant, TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(1) (West 2013); and (2) unless otherwise instructed by appellant, file an appellant's brief developing any ground that arguably supports reversal or modification of the judgment. *Stafford,* 813 S.W.2d at 510.

The trial court is directed to appoint new appellate counsel on or before August 28, 2015, in the absence of a request for extension of time. Appellant's appellate brief shall be due thirty days after the date the supplemental clerk's record containing the appointment of new counsel is filed with the appellate clerk.

It is so ordered.

Per Curiam

Do not publish.