**Order filed September 27, 2022.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-22-00361-CV

———————

## IN THE INTEREST OF A.Y.C., A CHILD

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-02304J**

---

## ORDER

Appellant's appointed counsel, Jennifer A. Smith, filed a brief which counsel designates as an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental-termination case). To comply with *Anders*, counsel must do the following:

> (1) Either (a) advance contentions which might arguably support the appeal, but, in the attorney's professional opinion are frivolous; or (b) present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

(2) File a copy of the transmittal letter to their client accompanying a copy of the *Anders* brief in which they inform appellant of the right to file a pro se brief and obtain a copy of the record by filing a motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

The *Anders* procedure balances an indigent parent's constitutional right to appointed counsel on appeal and counsel's obligation not to prosecute frivolous appeals. *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016). Arguments which may support an appeal must be disclosed by appointed counsel. *See Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order). Appointed counsel should identify potential arguments, explain the ground, and cite to applicable legal authority and pertinent evidence. *Id.* at 431. An issue which is arguable on the merits is, by definition, not frivolous. *Sam v. State*, 467 S.W.3d 685, 687 (Tex. App.—Houston [14th Dist.] 2015, order). Appointed counsel may not simply justify the contention that the potential error is not an arguable ground with a conclusory statement that no grounds for appeal exist. *Banks*, 341 S.W.3d at 431.

The Texas Supreme Court has instructed appellate courts that due process requires a heightened standard of review of a trial court's findings under section 161.001(b)(1) (D) or (E), even when another ground for termination is sufficient because of the potential collateral consequences to an appellant's parental rights concerning a different child. *See In re N.G.*, 577 S.W.3d 230, 233–34, 235–36 (Tex. 2019) (per curiam). The Court held that because section 161.001(b)(1)(M) provides for the termination of parental rights if there is clear and convincing evidence that the parent has had his or her parental rights terminated with respect to another child based on a finding that his or her conduct violated subsection (D) or (E), an appellate court denies an appellant a "meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental

rights to other children" if that court does not review a termination based on either of those subsections. *Id*. at 235–37.

The trial court in the underlying matter terminated appellant's parental rights pursuant to subsections 161.001(b)(1) (D), (E), (N), and (O). *See* Tex. Fam. Code § 161.001(b)(1)(D),(E),(N),(O). In counsel's *Ander*s brief, she addresses only subsection (O) as the basis for supporting the trial court's judgment. In light of the Texas Supreme Court's holding in *In re N.G.*, we ORDER that counsel file a supplemental brief addressing the trial court's findings with regard to subsections (D) and (E) **within 5 days from the date of this order.** *See In re M.M.*, 584 S.W.3d 885, 889 (Tex. App.—Amarillo 2019, pet. denied).

If counsel fails to file a supplemental brief within 5 days of this order, we will strike her brief and order the trial court to conduct a hearing related to the appointment of new counsel.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Wise and Hassan.