**Rodolfo TELLEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00025–CR.**

Court of Appeals of Texas,
El Paso.

July 7, 1994.

Francisco F. Macias, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

### OPINION ON ORDER ABATING APPEAL

PER CURIAM.

A jury convicted appellant Rodolfo Tellez of burglary, and the court assessed punishment at 19 years' imprisonment. Appellant's appointed counsel on appeal, the same attorney who represented Tellez at trial, has filed an *Anders*[1] brief stating that after review of the record and law, he has concluded that the appeal is frivolous and lacks merit. After undertaking the independent review of the record we are required to perform, we conclude the case contains arguable grounds for appeal requiring further briefing. We therefore abate the appeal and remand to the trial court for further proceedings consistent with this opinion, *Anders v. California,* and *Stafford v. State,* 813 S.W.2d 503 (Tex.Crim.App. 1991).

■ *Anders* requires that court-appointed counsel appointed on the first stage of a criminal appeal must support that appeal to the best of his or her ability, and may withdraw only upon concluding that the case is wholly frivolous. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Concomitantly, once concluding the appeal is frivolous, counsel must withdraw. *Id.* The U.S. Supreme Court has outlined the procedure thusly:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the [appellate] court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.... [T]he [appellate] court—not counsel—then

proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.... [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. *Id.*

The Court of Criminal Appeals has also addressed this procedure, holding:

> After an attorney files a proper *Anders* brief, (which should be filed with a request for withdrawal from the case) and the appellant is afforded an opportunity to respond, the Court of Appeals—not the attorney—must conduct its own investigation of the record to discover if there are arguable grounds. If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal. [Footnote omitted]. As we read *Anders,* counsel filing a frivolous brief must be allowed to withdraw from the case and consequently cannot be ordered to argue grounds that she had previously determined to be without merit. *Stafford,* 813 S.W.2d at 511.

■ This Court, although it may not act as an advocate, is required to review the entire record, including matters not addressed in the *Anders* brief, before determining the appeal is wholly frivolous. *Randle v. State,* 760 S.W.2d 30, 32 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Our review here has led us to the conclusion that the case contains arguable error not discussed in the *Anders* brief, specifically concerning issues on the voluntariness of Appellant's confession and any appropriate jury instructions pertaining to it.[2]

Accordingly, we abate the appeal and remand to the trial court. The trial court shall, within thirty days, allow withdrawal of present counsel[3] and appoint new counsel on

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. There may be other grounds for appeal not readily apparent, as well.

3. In our review of this case, we noted that Appellant's counsel had not filed his motion to withdraw when he filed his *Anders* brief, as that case and *Stafford* require. On June 2, 1994, therefore, the clerk of this Court sent notice to counsel requesting that he file his motion to withdraw.

appeal to present all arguable grounds of error, including but not limited that noted by this Court, which support appeal in this case. *Stafford,* 813 S.W.2d at 511.

IT IS SO ORDERED.

To date, we have heard nothing from Appellant's     counsel.