988 S.W.2d 827 (1999)
Michael Lynn CHANDLER, Appellant,
v.
The STATE of Texas, Appellee.
No. 05-97-00773-CR.
Court of Appeals of Texas, Dallas.
February 11, 1999.
*828 Michael Lynn Chandler, Abilene, Gary A. Udashen, Milner, Lobel, Goranson, Sorrells, Udashen & Wells, Dallas, for Appellant.
Michael J. Sandlin, Assistant District Attorney, Dallas, for State.
Before Justices KINKEADE, BRIDGES and ROACH.

OPINION
KINKEADE, Justice.
Michael Lynn Chandler was convicted by a jury of burglary of a habitation with intent to commit sexual assault. The trial court sentenced appellant to seventy-five years' imprisonment and a $7500 fine. Appellant's trial counsel was appointed to represent him in this appeal.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appointed counsel filed a brief concluding the appeal was frivolous and a motion to withdraw as appellate counsel. Thus, this Court is again confronted with the issue we noted but did not decide in Jeffery v. State, 903 S.W.2d 776, 779 n. 4 (Tex.App.Dallas 1995, no pet.): "[W]hether it is ever appropriate for appointed appellate counsel who also was appellant's trial counsel to file an Anders brief." We conclude that it is not appropriate.
A determination "that an appeal is `frivolous' is not a conclusion to be reached lightly." Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.Waco 1994, pet. ref'd), modified by Wilson v. State, 955 S.W.2d 693 (Tex. App.Waco 1997, no pet.). Appellate counsel has a duty to "`master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal.'" Johnson, 885 S.W.2d at 645 (quoting McCoy v. Court of Appeals, 486 U.S. 429, 437, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)). As this Court explained in Jeffery, one of the issues that must be researched and analyzed in an Anders brief is the effectiveness of trial counsel. Jeffery, 903 S.W.2d at 779. The trial attorney may be appointed on appeal, but given the bias and prejudice appellate counsel may have in evaluating his own performance at trial, as well as the reality that counsel who does not understand the law during trial may not recognize the same error on appeal, we conclude that it is not appropriate for appointed appellate counsel to file an Anders brief in a case in which counsel also served as trial counsel.
If appellate counsel, who also served as trial counsel, reaches a point in the appeal where he or she believes the appeal is frivolous and that an Anders brief is appropriate, then counsel should file a motion to withdraw with this Court, explaining the conflict. See TEX.R.APP. P. 6.5. This Court may then abate the appeal to the trial court for appointment of new appellate counsel, who will be in an unconflicted position and better able to analyze whether an Anders brief is appropriate. Clearly, the trial court may avoid this conflict altogether by not appointing trial counsel to handle the appeal.
Accordingly, we strike appellate counsel's brief, grant counsel's motion to withdraw, abate this appeal to the trial court, and order the trial court to appoint new appellate counsel to review the record and to file a new brief on appellant's behalf, addressing any grounds that might arguably support the appeal. See Jeffery, 903 S.W.2d at 780.