**Henry VELASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–98–00811–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Patrick Barry Montgomery, San Antonio, for Appellant.

Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

### ON MOTION TO WITHDRAW

SARAH B. DUNCAN, Justice.

Relying upon *Chandler v. State,* 988 S.W.2d 827 (Tex.App.—Dallas 1999, motion granted) Henry Velasquez's counsel moves to withdraw, arguing "[i]t is ... a certain denial of effective assistance of appellate counsel to permit trial counsel to analyze and reject as frivolous a potential appellate argument alleging ineffective assistance of himself." We disagree and therefore construe counsel's motion as a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

#### FACTUAL AND PROCEDURAL BACKGROUND

After Henry Velasquez was charged with aggravated sexual assault of a child, the trial court appointed counsel to represent him "until charges are dismissed, [he] is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel" pursu-

ant to article 26.049(a) of the Texas Code of Criminal Procedure. The jury found Velasquez guilty, and the court sentenced him to ten years in the Texas Department of Criminal Justice—Institutional Division. Velasquez appealed.

On appeal, Velasquez's counsel has filed an *Anders* [1] brief and a motion to withdraw. In the motion to withdraw, Velasquez's counsel asks this court to abate the appeal and remand the cause to the trial court for the appointment of new counsel. Relying upon *Chandler v. State,* 988 S.W.2d 827 (Tex.App.—Dallas 1999, motion granted), Velasquez's counsel contends "[i]t is ... a certain denial of effective assistance of appellate counsel to permit trial counsel to analyze and reject as frivolous a potential appellate argument alleging ineffective assistance of himself."

## DISCUSSION

In *Chandler,* the Dallas Court of Appeals concluded that "given the bias and prejudice appellate counsel may have in evaluating his own performance at trial, as well as the reality that counsel who does not understand the law during trial may not recognize the same error on appeal, it is not appropriate for appointed appellate counsel to file an *Anders* brief in a case in which counsel also served as trial counsel" *Chandler,* 988 S.W.2d at 828. Therefore, "[i]f appellate counsel, who also served as trial counsel, reaches a point in the appeal where he or she believes the appeal is frivolous and that an *Anders* brief is appropriate, then counsel should filed a motion to withdraw ... explaining the conflict." *Id.* We respectfully disagree. Like the Texas Legislature, we presume trial counsel is competent to act as appellate counsel. *See* TEX.CODE CRIM. PROC. ANN. 26.04 (appointed counsel shall continue to represent defendant until appeals are exhausted unless otherwise relieved by the court); *see also Ward v. State,* 740 S.W.2d

794 (Tex.Crim.App.1987). Only if the record establishes the contrary is a conflict created and the appointment of new appellate counsel required. We will therefore construe counsel's motion to withdraw as a motion pursuant to *Anders* and dispose of it accordingly.

*State,* 813 S.W.2d 503 (Tex.Crim.App.1991).

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Stafford v.*