99-00650 & 99-00651 Schreiner v State of Texas.wpd



Nos. 04-99-00650-CR and 04-99-00651-CR



Raymond Eric SCHREINER,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court Nos. 98-CR-6656 and 99-CR-2488


Honorable Mark R. Luitjen, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 13, 2000


AFFIRMED; MOTION TO STRIKE DENIED; MOTION TO WITHDRAW GRANTED


 Raymond E. Schreiner pled guilty to sexual assault of a child as charged in two
separate indictments. He was sentenced to twelve years incarceration on each charge
pursuant to a plea agreement with the State. Schreiner's court-appointed appellate attorney
filed a brief in which he states that he has conducted a professional review of the record and
concluded that there are no arguable issues to be raised on appeal. See Anders v. California,
386 U.S. 738 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Schreiner was
provided with a copy of the brief and informed of his right to review the record and file his
own brief, which he has done. See Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.
App.--San Antonio 1996, no pet.). 

 Schreiner has also filed a motion to strike counsel's brief, abate the appeal, and
appoint new counsel, arguing that appointed appellate counsel should not be permitted to file
an Anders brief in a matter in which counsel also served as trial counsel. Schreiner relies on
the Fifth Court of Appeals' decision in Jeffery v. State, 903 S.W.2d 776 (Tex. App.-Dallas
1995, no pet.), for this proposition. The court in Jeffery, however, acknowledged the issue
but noted that it was not necessary for the court to decide it in that case. See id. at 779 n.4. The Dallas court did eventually reach the issue in Chandler v. State, 988 S.W.2d 827
(Tex. App.-Dallas 1999, no pet.), holding that "it is not appropriate for appointed appellate
counsel to file an Anders brief in a case in which counsel also served as trial counsel." Id.
at 828. This court, though, has expressly declined to follow Chandler, preferring instead to
presume trial counsel is competent to act as appellate counsel. See Velasquez v. State, 12
S.W.3d 584, 585 (Tex. App.-San Antonio 2000, pet. filed). We, therefore, deny Schreiner's
motion and consider the merits of his appeal as raised in his pro se brief.

 Schreiner raises two issues on appeal, contending first that his plea was involuntary
because he was under the influence of medication when he entered his plea and because his
trial counsel misled him regarding his application for deferred adjudication probation.
Schreiner also claims that the trial court erred in making affirmative findings in both cases. 

 As to Schreiner's contention that his plea was involuntary, once a defendant agrees
to the terms of a plea bargain and professes to the trial court that his plea is voluntary, there
is a heavy presumption of voluntariness, unless the defendant can show otherwise. See Ex
parte Williams, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982); Jones v. State, 855 S.W.2d
82 (Tex. App.-Houston [14th Dist.] 1993, pet ref'd). 

 In this case, Schreiner was fully admonished both orally and in writing and he stated
that he understood his rights, the proceedings, the charges, and the punishment range. He
also stated that he was not promised anything in exchange for his plea and that he was
pleading guilty only because he was guilty. The trial court inquired into Schreiner's mental
capacity and was assured by both Schreiner and his attorney that he was competent to enter
his plea. There is nothing in the record to indicate that Schreiner was under the influence of
medication or that the trial court had reason to make further inquiry into Schreiner's
competency. The record, therefore, does not support Schreiner's contention that his plea was
involuntary. Accordingly, Schreiner's first and second points of error are overruled.

 With respect to Schreiner's claim that the trial court erred in making affirmative
findings under article 42.12, sec. 3g of the Texas Code of Criminal Procedure, there is
nothing in the record to indicate that such findings were made. While the State requested 3g
findings in order to disqualify Schreiner from being considered for community supervision,
see Tex. Code Crim. Proc. Ann. art. 42.12, sec. 3g (Vernon Supp. 2000), neither of the
judgments reflects the requested findings. In fact, 3g findings were not necessary in this case
given the fact that Schreiner's sentence alone disqualified him from community supervision.
See Tex. Code Crim. Proc. Ann. art. 42.12, sec. 3 (e)(1) (Vernon Supp. 2000) (providing
that community supervision is not available to defendants who have been sentenced to terms
of incarceration in excess of ten years). Schreiner's third point of error is overruled.

 We have conducted an independent review of the record, along with the briefs, and
we agree with counsel that this appeal is without merit. The record affirmatively reflects that
appellant was not promised anything in exchange for his plea and that he was competent to
make his plea. The judgment of the trial court is, therefore, affirmed, and counsel's motion
to withdraw is granted. See Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.--San Antonio
1997, no pet.). 


 KAREN ANGELINI

 JUSTICE

DO NOT PUBLISH