**Corrected, Motion Granted and Order filed May 21, 2015**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00840-CR

**LORENZA SAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCR-55360A**

## O R D E R

Appellant, Lorenza Sam was indicted and tried for the offense of capital murder pursuant to section 19.03(b)(2) of the Texas Penal Code. A jury convicted appellant, and the trial court assessed punishment at life imprisonment without the possibility of parole. Appellant's appointed counsel on appeal, the same attorney who represented appellant at trial, has filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S.

738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to appellant. Appellant was advised of his right to examine the record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (en banc). At appellant's request, the record was provided to him. Appellant filed a "Motion for an extension of time to file a Pro Se Response to Counsel's Anders brief." We need not address the request for an extension as it is now moot.

*Anders* mandates that counsel appointed on the first stage of a criminal appeal support that appeal to the best of his ability, and may withdraw only upon concluding that the case is wholly frivolous. 386 U.S. at 744. Upon determining that the appeal is frivolous, counsel must withdraw. *Id.* The U.S. Supreme Court has provided the following guidance:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the [appellate] court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he [appellate] court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* Any issue that is "arguable on [the] merits" is, by definition, not frivolous. *See id.* A "wholly frivolous" appeal is one that "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988).

This court, although it may not act as an advocate, is required to thoroughly and independently review the entire record, including matters not addressed in the *Anders* brief, before determining that the appeal is wholly frivolous. *Randle v.*

2

*State,* 760 S.W.2d 30, 32 (Tex. App.—Houston [1st Dist.] 1988, no pet.). Our review here has led us to the conclusion that the case contains arguable error not discussed in the *Anders* brief.

Additionally, this case presents us with the issue of whether it is appropriate for appointed appellate counsel, who was also appellant's trial counsel, to file an *Anders* brief. Two Texas courts of appeal have considered this issue and reached opposite conclusions. Compare *Chandler v. State,* 988 S.W. 2d 827(Tex. App - Dallas 1999, no pet.) with *Velasquez v. State,* 12 S.W. 3d 584(Tex. App - San Antonio 2000, pet. ref'd).[1]

Appellate counsel must master the trial record, thoroughly research the law, and exercise his judgment in identifying the arguments that may be advanced on appeal. *McCoy*, 486 U.S. at 438. The effectiveness of trial counsel is one of the issues that must be researched and analyzed in an *Anders* brief. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.). Appellate counsel may have bias and prejudice in evaluating his own performance at trial. *Id.* at 438 n.4. Moreover, trial counsel who does not understand the law or who improperly failed to develop the facts during trial may not recognize the same as an error on appeal. *See Chandler*, 988 S.W.2d at 828. Accordingly, we find it is not appropriate for appointed appellate counsel to file an *Anders* brief in a case in which counsel also served as trial counsel. *See id.* Rather, if appellate counsel, who also served as trial counsel, reaches a point where he believes the appeal is frivolous and that an *Anders* brief is appropriate, then counsel should file a motion to withdraw with this court, explaining the conflict. *See id.* (citing Tex. R. App. P. 6.5). This court may

---

[1] Although it initially did not answer the question, the Dallas Court of Appeals has consistently recognized 'the bias and prejudice an attorney may have in evaluating on appeal his own performance on trial." *Jeffery v. State,* 903 S.W.2d 776, 779 n.4 (Tex. App – Dallas 1995, no pet.)

then abate the appeal to the trial court for appointment of new appellate counsel, who then is free to pursue the appeal or to file an *Anders* brief if appropriate based on his independent review of the record  A trial court may avoid this conflict altogether by appointing new counsel to handle the appeal. *See Chandler*, 988 S.W.2d at 828.

For these reasons, we strike appellate counsel's brief, grant the motion to withdraw, and abate this appeal to the trial court with instructions to appoint other counsel and have a supplemental clerk's record containing that appointment filed with the clerk of this court within thirty (30) days of the date of this order.

_____
Marc W. Brown
Justice

Panel consists of Justices Christopher, Brown and Wise.

Publish — Tex. R. App. P. 47.2(b).

4