COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:  Justin Wayne Parris v. The State of Texas

Appellate case number:  01-14-00502-CR

Trial court case number: 1352699

Trial court:      338th Judicial District Court of Harris County

  Appellant, Justin Wayne Parris, was indicted and tried for the first-degree felony offense of murder. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1), (2) (West Supp. 2014). After appellant waived his right to a jury trial, the trial court convicted appellant and assessed punishment at seventy years' incarceration on June 11, 2014. Appellant's appointed counsel on appeal, Jerome Godinich, Jr., the same attorney who represented appellant at trial,[1] has filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to appellant. Appellant was advised of his right to examine the record and file a *pro se Anders* response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (en banc). At appellant's request, the record was provided to him and his motion for an extension of time to file a *pro se Anders* response was granted.

  On March 12, 2015, this Court, among other things, had noted that generally, only after reviewing the *Anders* brief, the relevant record, and any *pro se* response, if appellate counsel did not address an arguable ground for appeal, the court of appeals "will '(1) grant the original attorney's motion to withdraw; and (2) abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief.'" *Banks*

---

[1] According to the post-conviction hearing held on June 16, 2014, the trial court allowed appellant's trial counsel to continue on appeal after properly admonishing appellant of the potential dangers. (R.R., filed Aug. 9, 2014, at 4-8). However, as discussed below, our reading of our sister courts of appeals' interpretation of *Anders* requires that trial counsel who continues as appellate counsel who concludes that the appeal is wholly frivolous should file a motion to withdraw without an *Anders* brief.

*v. State*, 341 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2009, order) (quoting *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (citations omitted)). Thus, in that March 12th Order, this Court granted the appellant's second *pro se* motion for an extension of time to file his *Anders* response, but denied appellant's motion for appointment of new appellate counsel without prejudice to re-filing after any suppression hearing records had been filed and after appellant filed his *pro se Anders* response, if any.

On May 7, 2015, this Court, among other things, in reviewing appellant's third *pro se* motion for an extension of time to file his *pro se Anders* response until after any suppression hearing records were filed, sua sponte abated this appeal to clarify whether a suppression hearing was held and recorded. This Court ordered the official court reporters in the underlying trial court cause numbers 1240104/1352699 to file a supplemental reporter's record of the suppression hearing, if any, or else file an information sheet in this Court confirming that no such record was taken.

On May 11, 2015, the reporter for the 351st Court before this case was transferred to the 338th Court, Toni Goubeaud, filed a reporter's record for the appellant's plea to pre-sentence investigation ("PSI") hearing, held in trial court cause number 1352699 on August 15, 2013, and an information sheet, on May 18, 2015, stating that she could not find any suppression hearing taken in this case in the 351st Court. On May 21, 2015, the reporter for the 338th Court, Jill Hamby, filed a second information sheet, after speaking with the prosecutor, confirming that there was no suppression hearing because the State had agreed before trial that all evidence that had been seized would be suppressed.

*Anders* mandates that counsel appointed on the first stage of a criminal appeal support that appeal to the best of his ability, and may withdraw only upon concluding that the case is wholly frivolous. 386 U.S. at 744. Upon determining that the appeal is frivolous, counsel must withdraw. *Id.* The U.S. Supreme Court has provided the following guidance:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the [appellate] court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he [appellate] court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* Any issue that is "arguable on [the] merits" is, by definition, not frivolous. *See id.* A "wholly frivolous" appeal is one that "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988).

This Court, although it may not act as an advocate, is required to thoroughly and

independently review the entire record, including matters not addressed in the *Anders* brief, before determining that the appeal is wholly frivolous. *Randle v. State,* 760 S.W.2d 30, 32 (Tex. App.—Houston [1st Dist.] 1988, no pet.). Our review here has led us to the conclusion that the case contains arguable error including, but not limited to, ineffectiveness of trial counsel, not discussed in the *Anders* brief.

Additionally, this case presents us with the issue of whether it is appropriate for appointed appellate counsel, who also was trial counsel, to file an *Anders* brief. At least three courts of appeal, including the Fourteenth Court most recently, have considered this issue and reached differing conclusions. *Compare Sam v. State*, No. 14-13-00840-CR, at 3 (Tex. App.—Houston [14th Dist.] May 21, 2015, order) and *Chandler v. State,* 988 S.W.2d 827, 828 (Tex. App.—Dallas 1999, no pet.) *with Velasquez v. State,* 12 S.W.3d 584, 585 (Tex. App.—San Antonio 2000, pet. ref'd).

Appellate counsel must master the trial record, thoroughly research the law, and exercise his judgment in identifying the arguments that may be advanced on appeal. *McCoy*, 486 U.S. at 438. The effectiveness of trial counsel is one of the issues that must be researched and analyzed in an *Anders* brief. *Jeffery v. State,* 903 S.W.2d 776, 779 (Tex. App – Dallas 1995, no pet.). Appellate counsel who also served as trial counsel may have bias and prejudice in evaluating his own performance at trial. *Id.* at 438 n.4. Moreover, trial counsel who does not understand the law or who improperly failed to develop the facts during trial may not recognize the same as an error on appeal. *See Chandler*, 988 S.W.2d at 828.

Accordingly, this Court finds that it is not appropriate for appointed appellate counsel to file an *Anders* brief in a case in which counsel also served as trial counsel. *See id.* Rather, if appellate counsel, who also served as trial counsel, reaches a point where he believes the appeal is frivolous and that an *Anders* brief is appropriate, then counsel should file a motion to withdraw with this Court, explaining the conflict. *See id.* (citing TEX. R. APP. P. 6.5). This Court may then abate the appeal to the trial court for appointment of new appellate counsel, who then is free to pursue the appeal or to file an *Anders* brief if appropriate based on his independent review of the record.

For these reasons, we **strike** appellate counsel's brief, **grant** the motion to withdraw by Mr. Godinich, Jr., continue the abatement of this appeal, and **remand** it to the trial court with instructions to appoint new appellate counsel and have the trial clerk file a supplemental clerk's record with the appointment order with the Clerk of this Court **within 30 days** of the date of this order. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. We **dismiss** appellant's third motion for an extension of time to file a *pro se Anders* response as moot.

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
                    ☒ Acting individually    ☐ Acting for the Court
Date: May 28, 2015