

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-17-00190-CR

_____

JESUS MALDONADO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-15K-206; Honorable Roland Saul, Presiding

October 18, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain, in September 2016, Appellant, Jesus Maldonado, Jr., was convicted of possession of less than one gram of methamphetamine and punishment was assessed at twenty-four months confinement in a state jail facility and a $1,000 fine,[1] suspended in favor of four years community supervision. On March 24, 2017, the State moved to revoke Appellant's community supervision for failing to (1)

_____
[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

report for December 2016 and January 2017, (2) attend counseling, (3) work on his community service hours, (4) participate in his drug offender education program, and (5) make monthly payments as required by the court's order imposing the conditions of community supervision. At the hearing on the State's motion, Appellant entered pleas of true to all five allegations.[2] After hearing testimony, the trial court found the allegations to be true and revoked Appellant's community supervision. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.[4]

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to

---

[2] Appellant's verbal pleas of true at the hearing are memorialized in a written document signed by Appellant and filed with the trial court clerk.

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] We note that trial counsel was also appointed to represent Appellant in this appeal. Naturally, at the time of the appointment by the trial court, neither the trial court nor counsel could have known that an *Anders* brief would be filed. Unlike some of our sister courts, this court has not adopted a blanket rule that it is inappropriate for appointed counsel who also served as trial counsel to file an *Anders* brief. *See Hernandez v. State*, No. 07-14-00417-CR, 2015 Tex. App. LEXIS 8054, at *2 n.4 (Tex. App.—Amarillo July 30, 2015, order) (citing *Sam v. State*, 467 S.W.3d 685, 687-88, (Tex. App.—Houston [14th Dist.] 2015, no pet.). *See also Chandler v. State*, 988 S.W.2d 827, 828 (Tex. App.—Dallas 1999, no pet.)). *But see Velasquez v. State*, 12 S.W.3d 584, 585 (Tex. App.—San Antonio 2000, pet. ref') (presuming trial counsel is competent to act as appellate counsel unless the record establishes a conflict). While we remain convinced that the better practice is to appoint new and independent counsel as appellate counsel, under the facts of this appeal, we do not consider it to be judicially prudent to abate this appeal and remand the cause to the trial court for the appointment of new counsel.

Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

Appellant, in his early fifties, has health issues that limit his employment opportunities and impede his ability to drive. His wife works and uses their only vehicle for transportation.

When Appellant was placed on community supervision, he had difficulties reporting to his community supervision officer and completing required classes. He also experienced financial hardship with some of the classes required under the conditions of his community supervision. Although he claimed to have filed paperwork to be declared indigent for some of the programs, he was unaware if his community supervision officer had followed through.

STANDARD OF REVIEW

When reviewing the revocation of community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, the evidence need show only one violation to support the revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

ANALYSIS

By the *Anders* brief, counsel reviews the record from the revocation hearing and candidly concedes he finds no arguable issues to advance on appeal. He acknowledges that Appellant's pleas of true to the allegations and his testimony admitting his failures to comply with the conditions of community supervision foreclose any plausible basis for reversal of Appellant's conviction.

We have also independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488

4

U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.