

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00149-CR
_____

JAMES QUINONEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 17-2973; Honorable Reed Filley, Presiding

January 6, 2020

## ABATEMENT AND REMAND

Before PIRTLE, PARKER and DOSS, JJ.

Following an open plea of guilty, Appellant, James Quinonez, was convicted of aggravated sexual assault of a child, enhanced by two prior felonies.[1] He elected to have a jury assess his punishment. After evidence was presented, the jury assessed punishment at confinement for life. In presenting this appeal, court-appointed counsel

---

[1] TEX. PENAL CODE ANN. §§ 22.021(a)(B), 12.42(d) (West 2019).

has filed an *Anders*[2] brief indicating there was no merit to Appellant's appeal. In response to counsel's brief, Appellant has filed several *pro se* motions requesting appointment of new counsel. In this court's review of those motions, it is apparent that Appellant's court-appointed appellate counsel also served as his court-appointed trial counsel. For the reasons expressed herein, we now strike appellate counsel's *Anders* brief, grant counsel's motion to withdraw, and abate this appeal to the trial court for appointment of new counsel who can represent Appellant on appeal with a fresh perspective. *See Chandler v. State*, 988 S.W.2d 827, 828 (Tex. App.—Dallas 1999, no pet.) (concluding it is not appropriate for appointed appellate counsel who also served as trial counsel to file an *Anders* brief).

This court has not adopted a blanket rule that it is inappropriate for appointed appellate counsel who also served as trial counsel to file an *Anders* brief. *See Hernandez v. State*, No. 07-14-00417-CR, 2015 Tex. App. LEXIS 8054, at *5 n.4 (Tex. App.—Amarillo July 30, 2015, order). In *Hernandez*, this court noted that an *Anders* brief filed by counsel who also served as trial counsel exacerbated counsel's suggestion of a potentially arguable issue and abated the case and remanded the cause to the trial court for appointment of new counsel. However, in *Maldonado v. State*, No. 07-17-00190-CR, 2017 Tex. App. LEXIS 9791, at *2 n.4 (Tex. App.—Amarillo Oct. 18, 2017, no pet.) (mem. op., not designated for publication), this court, when faced with an *Anders* brief filed by appellate counsel who also served as trial counsel, did not consider it judicially prudent to abate the appeal and remand the cause to the trial court for appointment of new appellate counsel under the circumstances presented in that case. We did, however,

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

acknowledge that the better practice is to appoint new and independent counsel to represent an appellant on appeal. *Id.*

In this case, Appellant's *pro se* filings challenge the adequacy of counsel's advice and representation. Specifically, Appellant claims he was denied the effective assistance of counsel. Under the circumstances presented by the facts of this case, we deem it prudent for the trial court to appoint new counsel without a potential conflict of interest to independently represent Appellant on appeal. Our decision to do so in no way reflects an opinion on counsel's performance in representing Appellant at trial.

On remand, the trial court is directed to appoint new counsel to represent Appellant in this appeal and to direct the trial court clerk to file a supplemental clerk's record with the clerk of this court containing the order appointing new appellate counsel on or before January 31, 2020. The order shall contain the name, address, email address, phone number, and state bar number of newly appointed counsel. Appellant's brief will be due thirty days following the appointment of new counsel. The State may file a brief in response within thirty days after the filing of Appellant's brief.

It is so ordered.

Per Curiam

Do not publish.