

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00050-CR

_____

PAUL ROBERT LABAR, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1471864D

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Per Curiam Memorandum Opinion and Order

**MEMORANDUM OPINION AND ORDER**

Appellant Paul Robert Labar pleaded guilty to murdering his mother, and a jury assessed his punishment at 60 years' confinement in the penitentiary. *See* Tex. Penal Code Ann. § 19.02. The trial court sentenced Labar in accordance with the jury's verdict, and Labar appealed.

Labar's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion in which he concluded that there were no arguable grounds for relief. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel provided Labar a copy of the motion to withdraw and the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took measures to facilitate Labar's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court afforded Labar the opportunity to file a response on his own behalf, but he filed none. The State filed a response in which it agreed with Labar's counsel's assessment that there were no arguable grounds to advance on appeal.

As the reviewing court, we must independently evaluate the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346,

2

351 (1988). Although we may not act as an advocate, we must review the entire record, including matters not addressed in the *Anders* brief, in our independent review. *See Sam v. State*, 467 S.W.3d 685, 687 (Tex. App.—Houston [14th Dist.] 2015, order), *disp. on merits*, No. 14-13-00840-CR, 2016 WL 6134445 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, pet. ref'd) (mem. op., not designated for publication).

After reviewing the record, we found two potentially arguable grounds for appeal. One was noted in the brief but inadequately addressed. The other was not mentioned.

First, counsel acknowledges that the trial court did not advise Labar about the range of punishment before accepting his guilty plea as required by Texas Code of Criminal Procedure article 26.13. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1). Citing to the record, counsel then concludes that the error is harmless, but he provides no supporting legal authority.

Second, the brief does not address Labar's competency to stand trial. In December 2016, the trial court found that Labar was incompetent to stand trial and ordered him committed to the North Texas State Hospital. A year later, in December 2017, the trial court bench warranted Labar back to stand trial. After Labar's return, however, the record does not show that the trial court made a competency determination as contemplated by and within the time limits set out in article 46B.084(a-1)(1) of the Texas Code of Criminal Procedure. *Id.* art. 46B.084(a-1)(1). And only a few months after Labar's return, in February 2018, the trial court ordered

3

another competency examination; the trial court's docket sheet shows that about six weeks later, a psychiatric report reflected that Labar was competent. Moving to Labar's trial in January 2020, before voir dire, Labar asserted that he was competent, defense counsel stated that Labar was competent, and the trial court found that Labar was competent. Counsel's brief does not address the competency issue at all, and more specifically, it does not address the significance, if any, of the trial court's failure to find Labar competent within the framework set out in article 46B.084(a-1)(1).

We note that our role in an *Anders* appeal is limited to determining whether arguable grounds for the appeal exist. *Thompson v. State*, No. 01-09-01050-CR, 2010 WL 4677771, at *2 (Tex. App.—Houston [1st Dist.] Nov. 18, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)). We do not rule on the ultimate merits of any arguable issues. *Id.* If we determine that there are arguable grounds for appeal, appellant is entitled to have new counsel address the merits of the issues raised. *Stafford*, 813 S.W.2d at 511. "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Bledsoe*, 178 S.W.3d at 827; *Thompson*, 2010 WL 4677771, at *2.

Therefore, we strike appellate counsel's brief, grant the motion to withdraw, and abate this appeal to the trial court with instructions to appoint new appellate counsel to review the record and file a new brief on appellant's behalf, addressing any grounds that might arguably support the appeal. A supplemental clerk's record

4

containing the new appointment should be filed with the clerk of this court within 30 days of the date of this order, at which point the appeal will be reinstated automatically without further order. Appellant's new brief will be due 30 days later, followed by the State's brief, if any. *See* Tex. R. App. P. 38.6(a).

The clerk of this court shall transmit a copy of this order to appellant, the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 16, 2021