

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT JESSIE MORALES, | § | No. 08-20-00102 -CR |
| Appellant, | § | Appeal from the |
| v. | § | 143rd District Court |
| THE STATE OF TEXAS, | § | of Ward County, Texas |
| Appellee. | § | (TC# 19-09-06141-CRW) |

**O R D E R**

Appellant, Robert Jessie Morales, after a jury trial, was convicted of possession of a Prohibited Substance (methamphetamine) in a Correctional Facility, third degree felony enhanced to a second-degree felony. *See* TEX.PENAL CODE ANN. § 38.11. The enhancement paragraph included a conviction for the felony offense of evading arrest with a vehicle to which Morales entered a plea of true. Morales elected to go to the trial court for punishment if convicted. Morales was sentenced to twelve years confinement in the Texas Department of Criminal Justice without a fine.

First, we note appellate counsel represented Appellant in the underlying jury trial that led to his conviction and sentencing. Appellate counsel was appointed pursuant to Texas Code of Criminal Procedure Article 26.04 in August 2019. Appellant's counsel filed notice of appeal in

February 2020. On appeal, Appellant's counsel has filed a motion to withdraw with an *Anders* brief stating that no meritorious issues of appeal exist that could conceivably support reversal of the trial court's judgment. *Anders v. California,* 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969); *see also High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Based on the motion and *Anders* brief before us, Appellate Counsel has failed to specify whether he sent Appellant copies of the *Anders* brief and motion to withdraw, informed Appellant of his right to submit a *pro se* brief, facilitated the process of his client's right to review the appellate record, or informed Appellant of his right to discretionary review.[1] *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex.Crim.App. 2014).

However, according to Appellant's correspondence with this Court, Appellant was advised of his right to examine the record and filed a *pro se* response.[2] *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)(en banc). At Appellant's request, the record was provided to him. Further, this Court granted Appellant's "Motion for an extension of time to file a Pro Se or Response to *Anders* brief" three times. To date, Appellant has not filed a *pro se* response.

We turn to the issue of trial counsel representing an appellant on appeal and filing an *Anders* brief. Unlike some of our sister courts, this Court has not adopted a blanket rule that it is inappropriate for appellate counsel, who also served as trial counsel, to file an *Anders* brief. *Chandler v. State*, 988 S.W.2d 828 (Tex.App.—Dallas 1999, no pet.). *But see Velasquez v. State*, 12 S.W.3d 584, 585 (Tex.App.—San Antonio 2000, pet. ref'd)(presuming trial counsel is competent to act as appellate counsel unless the record establishes a conflict); *Hernandez v. State*,

---

[1] After rendering a decision, appellate counsel would be required within five days of the date of this Court's opinion to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review. *See* TEX.R.APP.P. 48.4; *see also In re Schulman*, 252 S.W.3d 403, 411–12 n.35 (Tex.Crim.App. 2008); *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex.Crim.App. 2006).

[2] Appellant informed the Court he was aware his attorney had filed an *Anders* brief and had received notice of his right of a *pro se* appeal. Appellant stated the record was made available to him in August 2020.

No. 07-14-00417-CR, 2015 WL 4594110, at *2 n.4 (Tex.App.—Amarillo 2015, no pet.)(mem. op., not designated for publication)(*citing Sam v. State*, 467 S.W.3d 685, 687–88 (Tex.App.—Houston [14th Dist.] 2015, no pet.)); *Maldonado v. State*, No. 07-17-00190-CR, 2017 WL 4784938, at *1 (Tex.App.—Amarillo 2017, no pet.)(mem. op., not designated for publication); *Parris v State,* No. 01-14-00502-CR (Tex.App.—Houston [1st Dist.] May 28, 2016, order); *Quinonez v. State,* No. 07-19-00149-CR, 2020 WL 62630, at *1 (Tex.App.—Amarillo Jan. 6, 2020, no pet.)(abatement and remand op.); *Cooper v. State,* Nos. 05-19-00229-CR through 05-19-00233-CR, 2020 WL 3496365, at *2 (Tex.App.—Dallas Jan. 29, 2020, no pet.)(mem. op., not designated for publication). With the exception of the *Velasquez* court, the majority of appellate courts who have addressed this issue have recognized *Anders* counsel should not have served as trial counsel in the underlying proceeding. We believe the better practice dictates that appellate counsel who served as trial counsel should not file an *Anders* brief because conflict arises in assessing their own effectiveness and may be unable to recognize unforced errors.

*Anders v. California* mandates that appointed counsel on a criminal appeal must support that appeal to the best of his ability and request to withdraw only upon concluding, after a conscientious examination, that the case is wholly frivolous. 386 U.S. at 744. After determining the appeal is frivolous, counsel must withdraw. *Id.* According to the United States Supreme Court:

> Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points

arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* An appeal, arguable on the merits, is not wholly frivolous. *Id.* A wholly frivolous appeal "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988).

Furthermore, the Court of Criminal Appeals has held after receiving an *Anders* brief claiming no arguable grounds for appeal exist, the reviewing court must review the record and make an independent determination. *Stafford*, 813 S.W.2d at 511; *see also In re Schulman*, 252 S.W.3d at 406 n.9 ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). This Court has no duty to act as an advocate on appellant's behalf but is required to review the entire record, including matters not addressed in the *Anders* brief, to determine whether the appeal is wholly frivolous. *Tellez v. State*, 880 S.W.2d 247, 248 (Tex.App.—El Paso 1994, no pet.)(per curiam); *Randle v. State*, 760 S.W.2d 30, 32 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Our review of the underlying record leads us to conclude this case may contain arguable error not discussed in the *Anders* brief.[3]

For this Court, this case presents the issue of whether an appointed appellate counsel, after also serving as appellant's trial counsel, may file an *Anders* brief. *Compare Chandler*, 988 S.W.2d at 828 (perceiving bias and prejudice in appellate counsel evaluating his own performance at trial), *with Velasquez*, 12 S.W.3d at 585 (presuming trial counsel is competent to represent as appellate counsel unless the record establishes a conflict). In advancing an appeal, appellate counsel must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments for the appeal. *McCoy*, 486 U.S. at 438. One issue that must be analyzed in an *Anders*

---

[3] The State filed a letter, contending Appellate Counsel failed to address three potential issues in the *Anders* appeal, but ultimately concludes they are meritless.

brief is effective assistance of trial counsel. *Sam*, 467 S.W.3d at 688; *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.). Appellate counsel may have bias and prejudice in evaluating his own performance at trial. *Chandler*, 988 S.W.2d at 828; *Velasquez*, 12 S.W.3d at 585; *Sam*, 467 S.W.3d at 688. Moreover, trial counsel who may not understand the law at trial may also fail to recognize the same error on appeal. *See Chandler*, 988 S.W.2d at 828.

In the case before us, trial counsel asserted: "The record reflects that counsel's performance was not ineffective. Counsel adequately crossed the State's witness and presented all viable defenses to the jury." Under the circumstances presented in this case, we deem it prudent for the trial court to appoint new counsel, who is without potential conflict of interest, to independently represent Appellant on appeal.[4] Our decision does not reflect an opinion on counsel's performance in representing Appellant at trial. New counsel may reach the same conclusion. The *Anders* brief should provide appellate courts with a basis to determine if appointed counsel fulfilled his duty of supporting the appeal to the best of his ability and to assist the court in determining whether the appeal is so frivolous that counsel should be permitted to withdraw. *Penson v. Ohio*, 488 U.S. 75, 82 (1988). Accordingly, under these facts, we find it inappropriate for appointed appellate counsel to file an *Anders* brief in this case where counsel also served as trial counsel. *See Chandler*, 988 S.W.2d at 828.

We hold that if appellate counsel, who also served as trial counsel, reaches a point where he believes the appeal is frivolous and an *Anders* brief is appropriate, then counsel should file a motion to withdraw with this Court, explaining the conflict. *See id.* (*citing* TEX.R.APP.P. 6.5). This Court may then abate the appeal to the trial court for appointment of new appellate counsel. Based on his independent review of the record, new appellate counsel may then freely pursue the appeal

---

[4] We note that trial counsel was also appointed to represent Appellant in this appeal. At the time of the appointment by the trial court, neither the trial court nor counsel could have known that an *Anders* brief would be filed.

or file an *Anders* brief if appropriate. Trial courts may avoid this conflict in the alternative by appointing new counsel to handle appeals. *See Chandler*, 988 S.W.2d at 828. We state in this order that this is our position and our policy on the issue.

Under the facts of this appeal, we strike appellate counsel's brief, grant the motion to withdraw, and abate this appeal to the trial court with instructions to appoint new counsel to represent Appellant and have a supplemental clerk's record containing that appointment filed with the clerk of this Court within thirty (30) days of the date of this order. Additionally, the order shall contain the name, address, email address, phone number, and state bar number of newly appointed counsel. Furthermore, Appellant's brief will be due thirty days (30) following the appointment of new counsel. The State may file a brief in response within thirty days (30) after the filing of Appellant's brief.

IT IS SO ORDERED THIS 28TH DAY OF OCTOBER, 2021.

PER CURIAM

Before Rodriguez, C.J., Palafox, and Alley, JJ.