

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00294-CR

_____

RYAN DELGADO, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1513165D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION AND ABATEMENT ORDER**

A jury found Appellant Ryan Delgado guilty of aggravated robbery with a deadly weapon and assessed his punishment at 19 years' confinement. Delgado's appellate counsel timely filed a notice of appeal and a motion for new trial, arguing that 1) the verdict was contrary to the law and the facts, 2) the trial court erred by failing to properly charge the jury in accordance with the law, 3) the evidence was insufficient to sustain the verdict, 4) the verdict was decided by lot or other manner and not a fair expression of the jurors' opinion, and 5) the jury received other evidence during deliberations that materially affected their deliberations. Appellate counsel did not obtain a hearing on his motion for new trial, and the trial court did not rule on the motion. Consequently, the motion was overruled by operation of law seventy-five days after the trial court imposed Delgado's sentence. *Parmer v. State*, 38 S.W.3d 661, 666 (Tex. App—Austin 2000, pet. ref'd) (stating that "if a motion for new trial has not been ruled on by written order within seventy-five days after sentence is imposed in open court, the motion is overruled by operation of law").

Delgado's appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in which he has concluded that there are no arguable grounds for relief.[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396,

---

[1] Appellate counsel concludes that there are no "arguable" grounds to raise on appeal. We note, however, that *Anders* requires a determination by counsel that "an appeal is wholly frivolous." *Id.*; *In re N.F.M.*, 582 S.W.3d 539, 541–42 (Tex. App.—San Antonio 2018, no pet.) (en banc) (quoting *Nichols v. State*, 954 S.W.2d 83, 85 (Tex.

1400 (1967). In compliance with *Kelly v. State*, counsel provided Delgado a copy of the motion to withdraw and the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took measures to facilitate Delgado's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Delgado filed a brief in response to appellate counsel's evaluation  and raised multiple issues for review.[2] The State filed a letter brief stating that it agreed with appellate counsel's determination that the appeal is wholly frivolous.

As the reviewing court, we must independently evaluate the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Although we may not act as an advocate, we must review the entire record, including matters not addressed

App.—San Antonio 1997, order) (per curium) (stating that an *Anders* brief "must demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal"). The appellate court in turn conducts its own review of the record to discover if there are arguable grounds to raise on appeal. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[2]On numerous occasions, Delgado informed this court that due to Covid restrictions, he was allowed very little time in the law library to prepare his brief. Consequently, we granted Delgado five extensions to file his pro se brief. Delgado subsequently filed his brief 15 days after his fifth extension expired. This court, however, accepted his brief as timely filed.

in the *Anders* brief, in our independent review. *See Sam v. State*, 467 S.W.3d 685, 687 (Tex. App.—Houston [14th Dist.] 2015, order), *disp. on merits*, No. 14-13-00840-CR, 2016 WL 6134445 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, pet. ref'd) (mem. op., not designated for publication).

After reviewing the record, we found one potentially arguable ground for appeal—the trial court's admission of extraneous-offense evidence. This issue was noted in Delgado's pro se brief but was not mentioned in appellate counsel's *Anders* brief.

Throughout trial, the State presented and stressed the details of two uncharged robberies that occurred the same night as the charged robbery. The record reflects that the State spent approximately two-thirds of the trial proving up the two uncharged robberies—including eliciting testimony from the victims of both uncharged robberies and from police officers who investigated the uncharged robberies. Delgado's trial attorney objected to the admission of the extraneous-offense evidence before the State's opening statement; however, the trial court stated that it would allow admission of the extraneous-offense evidence because it was contextual to the charged robbery.

Appellate counsel's brief does not address the extraneous-offense issue at all, and more specifically, it does not address whether the extraneous-offense evidence was same-transaction contextual evidence necessary to the jury's understanding of the charged offense. *Pondexter v. State*, 942 S.W.2d 577, 584 (Tex. Crim. App. 1996).

4

We note that our role in an *Anders* appeal is limited to determining whether arguable grounds for the appeal exist. *Thompson v. State*, No. 01-09-01050-CR, 2010 WL 4677771, at \*2 (Tex. App.—Houston [1st Dist.] Nov. 18, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)). We stress that we do not assert that the extraneous-offense issue is the only issue that could be raised on appeal and, further, we have not determined that this argument has merit. We do not rule on the ultimate merits of any arguable issues. *Id.* If we determine that there are arguable grounds for appeal, appellant is entitled to have new counsel address the merits of the issues raised. *Stafford*, 813 S.W.2d at 511. "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Bledsoe*, 178 S.W.3d at 827; *Thompson*, 2010 WL 4677771, at \*2.

Therefore, we strike appellate counsel's brief, grant the motion to withdraw, and abate this appeal to the trial court with instructions to appoint new appellate counsel to review the record and file a new brief on Delgado's behalf, addressing any grounds that might arguably support the appeal. A supplemental clerk's record containing the new appointment should be filed with the clerk of this court within 30 days of the date of this order, at which point the appeal will be reinstated automatically without further order. Appellant's new brief will be due 30 days later, followed by the State's brief, if any. *See* Tex. R. App. P. 38.6(a).

5

The clerk of this court shall transmit a copy of this order to Appellant, the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 2, 2021